UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANNE STEARNS,
      Plaintiff,

v.

SHAWN BARYLSKI,
      Defendant.

No. 3:14-cv-194 (SRU)

## RULING AND ORDER

Anne Stearns brought this single-count Section 1983 malicious-prosecution case against Shawn Barylski, alleging that he lied in an application for an arrest warrant. On July 23, 2015, at a hearing on Barylski's motion for summary judgment, I ruled that Barylski's affidavit supported probable cause even without the small portion that Stearns contends is false, *see Loria v. Gorman*, 306 F.3d 1271, 1289 (2d Cir. 2002) (describing "corrected affidavit" doctrine), and that the evidence Stearns has offered is not sufficient to support a finding of malice, *see, e.g.*, *Zenik v. O'Brien*, 137 Conn. 592, 595 (1951) ("The three essential elements of an action for malicious prosecution are the discharge of the plaintiff, want of probable cause, and malice."). Accordingly I granted summary judgment to Barylski. Stearns then filed the present motion for reconsideration (doc. # 25), asserting that "the law is entirely clear that malice may be inferred from the absence of probable cause" and citing three cases for that proposition. For reasons discussed below, the motion is denied.

### I.     Standard of Review

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

**II.     Discussion**

The question that precipitated this case was whether Stearns, while serving papers in her capacity as a marshal, opened a man's unlocked door and left the papers inside his home or only slipped them through the cracks around the door without entering. The man in question supposed the former when he found the papers inside, and he complained to the police; Stearns swore in an affidavit that she did not open the door or enter. When Barylski investigated the complaint, he concluded on the basis of his own attempt that slipping the papers through the cracks was impossible. He and Stearns subsequently went to the home together, and Barylski claims to have told Stearns to slip them through the door in his presence, and that she could not do so (though she did wedge them through the weather stripping and into the doorframe). He included that claim in an application for a warrant to arrest Stearns for lying in her earlier sworn statement, but Stearns alleges that Barylski lied when he said she could not slip the papers all the way past the door. She does not claim that she *did* slip them all the way past the door in Barylski's presence, but only that she *could have*, and that he never asked her to.

The Second Circuit "assess[es] the materiality of alleged misstatements in a warrant application by putting aside allegedly false material, supplying any omitted information, and then determining whether the contents of the 'corrected affidavit' would have supported a finding of probable cause." *Loria v. Gorman*, 306 F.3d 1271, 1289 (2d Cir. 2002) (quotation marks and modifications omitted). I concluded at oral argument that there was probable cause for the warrant to issue without the disputed statements, and that because Stearns does not allege that she actually did slide the papers all the way through the door in Barylski's presence (and because he had no basis to know what she "could have" but did not do), she offered no evidence of material information that had been omitted. Because "the corrected affidavit would be sufficient to support probable cause as a matter of law, no constitutional right was violated and the defendant officer is entitled to summary judgment," *id.*, and I accordingly granted it.

I also ruled that Stearns had put forward no evidence from which a reasonable jury could infer malice. Stearns's citations to caselaw for the proposition that malice can be inferred from the lack of probable cause does not alter my conclusion, because, as discussed above, I ruled that there *was* probable cause. But even if there were some doubt about probable cause, my ruling is consistent with the authority Stearns cites. She cites three cases: *Ricciuti v. New York City Transit Authority*, 124 F.3d 123, 131 (2d Cir. 1997); *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 566 (2d Cir. 1996); and *Zitkov v. Zaleski*, 102 Conn. 439, 446, 128 A. 779 (1926). *Ricciuti* merely cites *Lowth* for the rule that the lack of probable cause can support a finding of malice, but it does not further develop or alter the rule. *Lowth* discusses the rule at greater length, observing that "malice does not have to be actual spite or hatred, but means only that the defendant must have commenced the criminal proceeding due to a wrong or improper motive,

3

something other than a desire to see the ends of justice served."[1] 82 F.3d at 573 (quotation marks omitted). *Lowth* goes on to say that the lack of probable cause is not dispositive, but that it can give rise to an inference of malice because it "tends to show that the accuser did not believe in the guilt of the accused." *Id.* The defendant officer in *Lowth* did not have probable cause to initiate criminal proceedings, and the Court additionally found it plausible that he was "acting out of anger for what [the plaintiff] had put him through." *Id.* The Connecticut Supreme Court in *Zitkov* similarly noted that the lack of probable cause can give rise to an inference of malice, but it did not explore that circumstance deeply because it noted that the court below did not merely presume but "found express malice." 128 A. at 782. The parties in that case had a financial dispute that "was a cause of bitter feeling" between them and the relevant arrest occurred in circumstances (on a Sunday while the arrestee was entertaining friends) that seemed calculated to "humiliate and annoy" the arrestee plaintiff. *Id.*

  I acknowledge that the initiation of criminal proceedings without probable cause can give rise to an inference of malice. That is especially clear where the circumstances are such as "tend[] to show that the accuser did not believe in the guilt of the accused" and "had a wrong or improper motive." *Lowth*, 82 F.3d at 573. But the question before me when I granted summary judgment in this case was not whether probable cause *can* give rise to an inference of malice, but whether a reasonable jury could make such a finding on the record in this case. When Barylski initiated criminal proceedings against Stearns, he was responding to a complaint (not acting upon his own initiative) and had undertaken an investigation that developed probable cause. There is no evidence in the record to suggest that he doubted Stearns's guilt or had any improper motive.

---

[1] *Lowth* expressly refers here to New York rather than Connecticut law, but the two states' laws do not appear to differ materially in this respect, and it makes no difference for the current analysis anyway.

I therefore concluded that even if another court were to disagree with my determination that the "corrected affidavit" would support probable cause, no reasonable jury could find malice on this record. The cases Stearns cites do not alter that conclusion, and even if they did, summary judgment would still be proper because I concluded that probable cause existed under the "corrected affidavit" doctrine.

### III.     Conclusion

For the foregoing reasons, the motion for reconsideration is denied.

So ordered.

Dated at Bridgeport, Connecticut, this 30th day of July 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge